UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JACQUELINE NEWMAN, :

    Plaintiff :

: CIVIL ACTION NO. 3:19-0016

    v. :

: (JUDGE MANNION)

ANDREW M. SAUL[1], :
Commissioner of Social Security,

:

    Defendant :

## **MEMORANDUM**

Pending before the court is the report of Judge Mehalchick, (Doc. 18), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be granted, and that the decision of the Commissioner be reversed and the case be remanded for further proceedings. Judge Mehalchick reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. The Commissioner has filed objections to the report. (Doc. 19). The plaintiff, Jacqueline Newman, responded to the Commissioner's objections. (Doc. 20). For the following

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. *See* Fed.R.Civ.P. 25(d).

reasons, the report and recommendation will be **ADOPTED** and, plaintiff's appeal of the decision of the Commissioner, (Doc. 1), will be **GRANTED**. The Commissioner's decision will be **REVERSED** and, plaintiff's case will be **REMANDED** to the Commissioner.[2]

I.  **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not,

---

[2]The court notes that since Judge Mehalchick stated the full procedural history of this case in her report and since the parties did not object to it, the court will not repeat it herein.

2

the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008 ). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971 ). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

3

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for his, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II. RELEVANT MEDICAL EVIDENCE

Judge Mehalchick's report and recommendation ("R&R"), as well as the initial briefs of the parties, contain a thorough review of the plaintiff's medical history. The parties did not file any objections to Judge Mehalchick's report with respect to the relevant medical history, so it will be adopted. *See* Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate [judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984)). Also, since the five-step legal framework for addressing a disability claim was properly stated in the R&R and the decision of the Administrative Law Judge ("ALJ"), (Doc. 8-2), and the findings of each step is in the record, (Tr. 18-26), the court incorporates by reference these portions of the ALJ's decision.

4

## III. DISCUSSION

On March 23, 2015, the plaintiff, at age 46, filed an application for SSI initially alleging an onset disability date of December 1, 2010. Subsequently, plaintiff amended her onset disability date to March 23, 2015. In an October 3, 2017 decision, the ALJ found that the plaintiff was not disabled from March 23, 2015, through the date of his decision. (Tr. 27). The ALJ found that plaintiff had the following six severe impairments: fibromyalgia, chronic pain syndrome, cervical radiculitis, migraine headaches, anxiety disorder, and depressive disorder. However, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments, including Listing 1.04 ("disorders of the spine"), Listing 12.04 ("depressive, bipolar and related disorders"), and 12.06 ("anxiety and obsessive-compulsive disorders"). (Tr. 19-25).

The plaintiff challenged the ALJ's evaluation of the opinions and functional assessments of her treating physician, Dr. Jeff Perry, in which he afforded them little weight, and the ALJ's RFC assessment regarding her physical and mental limitations and finding that she could perform light work with restrictions.

In her report, Judge Mehalchick agrees with the plaintiff and recommends that the Commissioner's decision be vacated and the case be remanded since substantial evidence does not support the ALJ's evaluation of Dr. Perry's opinions. The report thoroughly explains why it finds that the ALJ afforded too little weight to the opinions and assessments of Dr. Perry.

5

The report also finds that the ALJ's physical RFC assessment is not supported by substantial evidence, particularly since the ALJ failed to give any medical opinion regarding plaintiff's exertional limitations (including Dr. Perry's opinions) more than little weight.[3]

### 1. Credibility of Dr. Perry

As his first objection, the Commissioner claims that the ALJ did properly evaluate the opinions of Dr. Perry. Specifically, he contends that substantial evidence supported the ALJ's assessment since he considered Dr. Perry's relationship with plaintiff, plaintiff's conservative treatment, plaintiff's daily activities, and the objective medical evidence and examination findings in the record. The Commissioner also points out that plaintiff's conservative treatment with Dr. Perry when she saw him every four months did not support the doctor's "extreme opinion" that plaintiff was not able to perform even sedentary work. The ALJ further found that plaintiff's daily activities and Dr. Perry's examination findings did not support the doctor's opinions. Additionally, the ALJ found that Dr. Perry's opinion that plaintiff's pain or other symptoms would constantly interfere with her attention/concentration was not consistent with the record which he stated indicated she only had a mild impairment with attention and concentration.

Dr. Perry treated plaintiff for several years and saw her every four months. Indeed, there was a significant treatment relationship between Dr.

---

[3]Since the ALJ's RFC findings are stated in his decision, (Tr. 21), they are not repeated.

6

Perry and plaintiff. The R&R finds that the ALJ erred by failing to give proper weight to Dr. Perry's two RFC assessments (2015 and 2017) and the doctor's findings that plaintiff had a less than sedentary functional capacity, that she could only stand/walk for two hours in an eight-hour day and rarely lift 10 pounds, and is not capable of full-time work. The report also finds that since the ALJ did not give proper weight to Dr. Perry's opinions, which were based on his years of treating plaintiff, which had support in the record, and which were consistent with plaintiff's daily activities, the ALJ's RFC assessment was not supported by substantial evidence. (Tr. 23-24, 1015-1017). The R&R further finds that the ALJ improperly used Dr. Perry's treatment notes to discredit his opinions, and that the ALJ's finding that the doctor's opinions were not supported by his treatment notes was based on the ALJ's own lay opinion. In particular, the R&R finds that although the ALJ rejected Dr. Perry's opinion regarding plaintiff's "limited ability to stand, walk, and lift based on 'findings or normal gait and strength upon examination", "without other medical testimony or evidence, the Court is left only with the ALJ's lay opinion that a finding of normal gait and strength is inconsistent with [plaintiff's] *pain-related* limitations [associated with her fibromyalgia-related pain and chronic pain syndrome]." (emphasis original). See Griffies v. Astrue, 855 F.Supp.2d 257, 274 (D.De. 2012) ("In choosing to reject the treating physician's assessment, an ALJ may not make 'speculative inferences from medical reports.'") (citation omitted). The regulations set forth at 20 C.F.R. §404.1527(a)(2) and §416.927(a)(2), define medical opinions as "statements

from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions." Regardless of its source, the ALJ is required to evaluate every medical opinion received. 20 C.F.R §404.1527(c) and §416.927(c).

Under the regulations, a treating physician's opinion receives "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and "not inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. §404.1527(c)(2); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). If the ALJ does not give a treating physician's opinion controlling weight, he must provide his reasons for the weight given. 20 C.F.R. §404.1527. Where the ALJ finds that no treating source opinion is entitled to controlling weight, the regulations provide that the weight of all non-controlling opinions by treating, non-treating, and non-examining medical sources should be evaluated based on certain factors. Those factors include the examining relationship, the length of the treatment relationship and frequency of visits, nature and extent of the treatment relationship, whether the medical source supports the opinion with medical evidence, whether the opinion is consistent with the record as a whole, and the medical source's specialization. 20 C.F.R. §404.1527(c)(1-5). In addition, the ALJ should consider any other factors that tend to support or contradict

the opinion that were brought to his attention, including "the extent to which an acceptable medical source is familiar with the other information in [the] case record." 20 C.F.R. §404.1527(c)(6). See Markoch v. Colvin, 2015 WL 2374260, at *6 (M.D.Pa. May 18, 2015).

Additionally, the ALJ must consider all of the relevant evidence and give a clear explanation to support his findings." Fargnoli, 247 F.3d at 40-41 (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000)). If the ALJ discounts certain evidence, he must give some indication of the reasons for discounting that evidence." Fargnoli, 247 F.3d at 43. While the ALJ may choose whom to credit in his analysis, he "cannot reject evidence for no reason or for the wrong reason." Morales v. Apfel, 225 F.3d 310, 316-18 (3d Cir. 2000). The ALJ has the duty to adequately explain the evidence that he rejects or to which he affords lesser weight. Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505-06 (3d Cir. 2009) (holding that because the ALJ did not provide an adequate explanation for the weight he gave to several medical opinions, remand was warranted). "The ALJ's explanation must be sufficient enough to permit the court to conduct a meaningful review." Morales v. Colvin, 2016 WL 907743, at *8–9 (M.D. Pa. Mar. 2, 2016) (quoting In re Moore v. Comm'r of Soc. Sec., 2012 WL 2958243, at *2 (D.N.J. July 19, 2012) (citing Burnett, 220 F.3d at 119-20).

No doubt that the opinions of plaintiff's treating physician are generally entitled to significant weight. The Third Circuit has "long accepted" that the findings of a treating physician "must [be] give[n] greater weight ... than ... the

findings of a physician who has examined the claimant only once or not at all." Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993) (citations omitted). The regulations as well as courts require the ALJ "give good reasons for the amount of weight given to a treating physician's opinion." Fargnoli, 247 F.3d 42-44; see also 20 C.F.R. §404.1527(d)(2). A treating physician's opinion can be rejected by the ALJ based on contradictory medical evidence. See Frankenfield, 861 F.2d at 408.

The court concurs with the R&R, and the reasons detailed therein, that the ALJ erred with respect to the weight he afforded to Dr. Perry's opinions regarding plaintiff's limitations since they were well-supported and consistent with the other substantial evidence, including plaintiff's testimony. (Doc. 18 at 10, 15-16). The R&R also correctly determines that further discussion and remand is required to determine why the ALJ discounted Dr. Perry's opinion that plaintiff's ability to stand, walk, and lift were limited and the doctor's opinion that plaintiff's pain would interfere with her concentration and attention, especially considering plaintiff's testimony about her constant "stabbing pain." Moreover, "[t]he elusive nature of fibromyalgia, and the lack of objective symptoms, however, require the reliance of a treating doctor on plaintiff's subjective complaints]. Griffies, 855 F.Supp.2d at 272 (citing Foley v. Barnhart, 432 F.Supp.2d 465, 476, 480 (M.D.Pa. 2005) ("[I]n a disability determination involving fibromyalgia, it is error to require objective findings when the disease itself eludes such measurement."). "Fibromyalgia is a disease that often lacks objective evidence, making the subjective complaints

of a claimant especially important to the disability determination." *Id.* at 276 (citation omitted). Therefore, "unverified subjective complaints consistent with the fibromyalgia cannot be discredited for lack of objective evidence." *Id.* at 272.

Thus, the R&R properly concludes that since "the record is not inconsistent with Dr. Perry's opinion concerning [plaintiff's] limitations, ... [the] ALJ afforded Dr. Perry too little weight."

As such, the Commissioner's first objection will be overruled.

**2. Plaintiff's Physical RFC Assessment**

Initially, the court has found that the ALJ's physical RFC assessment was not supported by substantial evidence since he did not give proper weight to Dr. Perry's opinions and his physical assessments of plaintiff.

The Commissioner is correct that "[t]he ALJ–not treating or examining physicians or State agency consultants–must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). "The ALJ must consider all relevant evidence when determining an individual's [RFC] in step four." Fargnoli, 247 F.3d at 41. Such evidence includes "medical records, observations made during formal medical examinations, descriptions of limitations by the claimant and others, and observations of the claimant's limitations by others." *Id.* However, the ALJ cannot reject a treating physician's written medical opinion based on his own credibility judgments, speculation or lay opinion. *See* Compton v. Colvin, 218 F.Supp.3d 316, 330 (M.D.Pa. 2016) (citing Morales, 225 F.3d at 316-18).

11

"Regardless of what the weight an administrative law judge affords to medical opinions, the administrative law judge has the duty to adequately explain the evidence that he or she rejects or affords lesser weight." *Id.* (citing <u>Diaz v. Comm'r of Soc. Sec.</u>, 577 F.3d 500, 505-06 (3d Cir. 2009) (the ALJ "must clearly set forth the reasons for his decision.")). "The ALJ's explanation must be sufficient enough to permit the court to conduct a meaningful review." *Id.* (quoting <u>Burnett</u>, 220 F.3d at 119–20).

The court has found that the R&R correctly determines that remand is appropriate since the ALJ failed to adequately explain the inconsistent evidence in the record to support his decision to afford little weight to Dr. Perry's opinions regarding plaintiff's physical limitations which he found. The court finds that the ALJ's credibility determination with respect to Dr. Perry is not supported by substantial evidence based on the above discussion. Additionally, the court finds that the ALJ's failure to properly discuss the limitations which Dr. Perry included in his RFC assessments which would preclude the plaintiff from performing any employment renders the ALJ's credibility determination and his RFC determination unsupported by substantial evidence. It is well-settled that "[i]n making a [RFC] determination, the ALJ must consider all evidence before him." <u>Burnett</u>, 220 F.3d at 121.

The Commissioner also objects to the R&R arguing that it incorrectly found that the ALJ was compelled to rely on medical opinion evidence prior to arriving at his RFC determination, and that it erroneously holds that an ALJ cannot issue an RFC assessment without a matching medical opinion. This

court considered the issue raised by the Commissioner in several cases, including <u>Brown v. Colvin</u>, 2015 WL 7428579 (M.D.Pa. Nov. 23, 2015). In <u>Brown</u>, *id.* at *2, this court stated that "[a]lthough the Third Circuit previously indicated that the ALJ must always base his RFC finding on a medical opinion from a physician, *see* <u>Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986)</u>," ... "consistent with the latter case law, [*see* <u>Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 362 (3d Cir. 2011)</u>] the Commissioner argues that <u>Doak</u> does not prohibit an ALJ from making an RFC assessment even if no physician has specifically made findings and even if the only medical opinion in the record is to the contrary."

This court in <u>Brown</u>, *id.*, then stated:

> The issue raised by the Commissioner has recently been raised and addressed in another case in the Middle District. <u>See Kester v. Colvin, 2015 WL 1932157 (M.D.Pa., April 21, 2015)</u> (Brann, J.). As in that case, the court agrees with the Commissioner that the RFC assessment must be based on consideration of all of the evidence in the record, including the testimony of the claimant regarding his activities of daily living, medical records, lay evidence and evidence of pain. *Id.* at *2 (citing <u>Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121-22 (3d Cir. 2002; 20 C.F.R. §404.1545(a))</u>. The court further agrees that the ALJ has the sole responsibility for determining a claimant's RFC. *See* SSR 96-5P.

Nonetheless, the court found "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Id.* (citing <u>Kester</u>, 2015 WL 1932157, *2; <u>Gormont v. Astrue, 2013 WL 791455 at *7 (M.D.Pa., Mar. 4, 2013)</u>). Further, the court stated, "an ALJ must not speculate as to a claimant's RFC and, as such, must support a RFC determination with medical evidence in the record.

13

*Id.* (citing Kester, at *3). Thus, the court held that "the Third Circuit has upheld remand where the ALJ's RFC determination was not supported by the assessment of any physician in the record." *Id.* (citing Kester, at *3; Doak, supra).[4]

As such, the court will remand this case to the Commissioner for further proceedings consistent with the R&R. See Compton v. Colvin, 218 F.Supp.3d 316 (M.D.Pa. 2016)(the court remanded case to the Commissioner since the ALJ improperly afforded significant weight to opinion of a non-treating, non-examining physician over opinions of treating physicians). The court finds that substantial evidence does not support the ALJ's RFC determination because remand is required to determine if he afforded proper weight to the opinions of plaintiff's treating physician, Dr. Perry, regarding plaintiff's physical limitations.

Therefore, the Commissioner's second objection to Judge Mehalchick's

---

[4]As this court noted in Brown, 2015 WL 7428579, *2 n. 3, "in Kester, [the court noted that] the Doak and Chandler decisions have been reconciled as follows:

> Any argument from the Commissioner that his administrative law judges can set the residual function capacity in the absence of medical opinion or evidence must be rejected in light of Doak. Furthermore, any statement in Chandler which conflicts (or arguably conflicts) with Doak is *dicta* and must be disregarded. Government of Virgin Islands v. Mills, 634 F.3d 746, 750 (3d Cir. 2011) (a three member panel of the Court of Appeals cannot set aside or overrule a precedential opinion of a prior three member panel).

(Citing Gunder v. Astrue, 2012 WL 511936 (M.D.Pa., Feb. 15, 2012)).

14

report will be overruled.

## IV. CONCLUSION

In light of the foregoing, Judge Mehalchick's report and recommendation, (Doc. 18), is **ADOPTED**, and the Commissioner's objections, (Doc. 19), are **OVERRULED**. The plaintiff's appeal, (Doc. 1), is **GRANTED**, and the Commissioner's decision is **REVERSED**. The plaintiff's case is **REMANDED** to the Commissioner for further proceedings. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 21, 2020**
19-0016-01.wpd